UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHSUME IBRAHIMI,

           Plaintiff,

v.

SOCIAL SECURITY
COMMISSIONER,

           Defendant.

                                    /

Case No. 2:23-cv-10380

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT
AND RECOMMENDATION [16],
GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [12], DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [14], AND REMANDING
FOR PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**

Defendant Commissioner of the Social Security Administration (the Commissioner) denied Plaintiff Mahsume Ibrahimi's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 1, PgID 1. After the SSA Appeals Council declined to review the ruling, Plaintiff sued. *See* ECF 6-1, PgID 19–21. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, ECF 10, and the parties cross-moved for summary judgment, ECF 12, 14. The magistrate judge issued a Report and Recommendation (report) and recommended that the Court grant Plaintiff's motion, deny the Commissioner's motion, and remand the case for further proceedings under sentence four of 42 U.S.C. § 405(g). ECF 16, PgID 1282. Neither party objected to the report.

1

Federal Rule of Civil Procedure 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is required only if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The Court need not undertake any review of portions of a report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). Because neither party filed objections to the Report, de novo review is not required.

After reviewing the record, the Court finds that the magistrate judge's conclusions are factually based and legally sound. While no evidence suggests that the ALJ who denied the application used the incorrect legal standard, the Court agrees with the magistrate judge that the ALJ (1) placed undue weight on objective medical evidence in determining whether Plaintiff had medically determinable fibromyalgia and (2) failed to properly consider Plaintiff's reported subjective symptoms. ECF 16, PgID 1291–92. Accordingly, the Court will adopt the report's findings, grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand the case for the ALJ to properly assess and consider Plaintiff's fibromyalgia in accordance with the report.

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [14] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner of the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g).

This is a final order that closes the case.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: February 22, 2024